Black *v.* Black.

---

CARRIE E. BLACK

*v.*

CLAYTON A. BLACK.

By a decree of this court, Carrie .E. Black recovered $2,900 (which was afterwards, on appeal, reduced to $1,000) against her husband, Clayton Black. Her solicitor claimed the promissory note for $1,000 on which the last decree was based, by assignment from her, for pro-

fessional services, and, also, claimed the decree by another assignment. By an attachment levied on " cash in hands of Clayton Black," one of her creditors also claimed the money due on the decree.—*Held*,

(1) That money due on a decree of this court, is not the subject of attachment.

(2) That the levy was not effectual.

(3) That the solicitor's claim could not be passed upon without notice to his client and proof by him to sustain his claim.

On application .for the money due on the decree, which has been paid into court.

*Mr. S. D. Dillaye*, in pro. pers.

*Mr. R. S. Jenkins*, for attaching creditor. ·

THE CHANCELLOR.

The money due on the decree in this cause has, on motion in behalf of the defendant and for his protection against conflicting claims to it, been paid into court. One of those claims is made by the complainant's solicitor, who alleges that he is and since December, 1874, has been the owner of the promissory note for $1,000, on which the decree is based, by endorsement thereof to him by the complainant as counsel fee and for his other professional services for her. He also claims that, on the 21st of November, 1878, the complainant assigned the decree (which, as originally made in this court, was for $2,956.76 and interest, but was reduced, on appeal) to him in consideration of the further sum of $3,285.75 then found to be due to him from her. He produces the note endorsed, and the assignment. Gottlieb Volmer claims the money under an attachment issued out of Burlington circuit court, against the property of the complainant, and levied on the 4th of November, 1878. It appears, however, that the levy was as follows: " Cash in hands of Clayton Black, $2,900."

Apart from the fact that money due on a decree is not the subject of such an attachment (*Shinn ,v. Zimmerman, 3 Zab.*

*150*), the levy was not effectual, and, as against the money
due on the decree, is a nullity.　*Maxwell* v. *McGee, 12 Cush.
137.*　The complainant has had no notice of this application,
and the endorsement and assignment are not proved.　The
application is made adversely to her; her solicitor claiming
in his own right.　Without passing on or questioning his
claim, I shall, therefore, order that the money be paid over
to him as her solicitor, leaving him to assert or maintain his
claim to the money outside of this application.